# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALAN PILNICK,**

      **Plaintiff,**

v.                                           **Case No. 6:05-cv-1266-ORL-19KRS**

**JO ANNE B. BARNHART,**
**Commissioner of the Social Security**
**Administration,**

      **Defendant.**

## ORDER

This matter comes before the Court on the following:

1. Report and Recommendation [to affirm the decision of the Commissioner], filed by United States Magistrate Judge Karla R. Spaulding on January 9, 2007; (Doc. No. 23); and

2. Plaintiff's Objections to Magistrate's Report and Recommendation Dated January 9, 2007, filed by Plaintiff Alan Pilnick on January 19, 2007. (Doc. No. 24).

### Background

In November 2001, Plainitff Alan Pilnick applied for disability benefits under the Federal Old Age, Survivors and Disability Insurance Programs (OASDI), 42 U.S.C. § 401 *et seq*. (sometimes referred to herein as the Act). (Doc. No. 12, p. 65). Plaintiff's application was denied initially and on reconsideration. (Doc. No. 12, pp. 48-49).

Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Doc. No. 12, p. 58). An ALJ held a hearing on July 14, 2004. Plaintiff, represented by an attorney, testified at the hearing regarding his condition, medications he was taking, and side effects of such medications. (Doc. No. 12, pp. 24-34). A vocational expert ("VE"), Donna Mancini, also testified at the hearing. (Doc. No. 12, pp. 34-37). After considering the testimony and the medical evidence presented, the ALJ determined that Plaintiff was insured under OASDI through the date of the decision, which was August 17, 2004. (Doc. No. 12, p. 16). The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2001, the alleged onset date of his disability. (Doc. No. 12, p. 22).

The ALJ concluded that the medical evidence showed that Plaintiff had cervical spondylosis[1] following cervical spine decompression surgery with instrumentation, which was a severe impairment. (Doc. No. 12, p. 22). This impairment did not meet or equal any of the impairments listed in the applicable social security regulations (the Listings).[2] (Doc. No. 12, p. 20). The ALJ found that Plaintiff's mental conditions, specifically depressive disorder, generalized anxiety disorder, conversion disorder, and a personality disorder, were not severe impairments. In reaching this decision, the ALJ discounted the opinions of Doctors Leli and Carter and gave greater weight to the opinions of Doctors Rosenberg and

---

[1] Arthritis of the neck. *See* Am. Acad. of Orthopaedic Surgeons, Cervical Spondylosis (July 2001), at http://orthoinfo.aaos.org/fact/thr_report.cfm?Thread_ID=304&topcategory=Neck.

[2] The Code of Federal Regulations "contains a Listing of Impairments specifying almost every sort of medical problem ('impairment') from which a person can suffer, sorted into general categories." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278 (11th Cir. 2004); 20 C.F.R. Part 404, Subpt. P, App. 1.

Weiner. This was because the opinions of Doctors Rosenberg and Weiner were rendered later in time and were based on greater evidence, while Dr. Leli's opinion was only provisional. (Doc. No. 12, p. 19).

The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work,[3] specifically to "lift/carry 20 pounds occasionally and 10 pounds frequently; push/pull in accordance with lift/carry limitations; stand/walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday." (Doc. No. 12, p. 20). In reaching this conclusion, the ALJ accorded great weight to the opinion of Dr. Sawin. (Doc. No. 12, p. 21). The ALJ found no functional limitation due to Pilnick's limited left eye acuity, as Plaintiff worked for two months in June 2002 and reported no problems with his vision in his past relevant work. The ALJ also found that Plaintiff's reported difficulty with concentration did not result in any functional limitation, noting that he did not report concentration problems when he worked in June 2002. (Doc. No. 12, p. 21).

In reaching this conclusion, the ALJ gave little weight to Plaintiff's testimony. (Doc. No. 12, p. 21). The ALJ noted that cervical spondylosis accounted for Plaintiff's complaints of back, neck and shoulder pain, but that there was no objective evidence to support other limitations. Moreover, the ALJ noted that Plaintiff's complaints of severe pain were undercut by his statement in January of 2003 to a physician that he was no longer interested in treatment. (Doc. No. 12, p. 21).

---

[3]  Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567.

Vocational expert Mancini testified that Plaintiff's past relevant work as the vice-president of a company was sedentary, skilled work, and that his work as a company director of sales was light, skilled work. (Doc. No. 12, pp. 21-22). The VE opined that an individual of Plaintiff's age, education, work experience, and RFC could return to his past relevant work as it is generally performed in the national economy. (Doc. No. 12, p. 22). The ALJ credited the VE's testimony and concluded that Plaintiff could perform his past relevant work. Accordingly, the ALJ found that Plaintiff was not disabled. (Doc. No. 12, p. 22).

Plaintiff requested review of the ALJ's decision. (Doc. No. 12, p. 12). On June 24, 2005, the Appeals Council issued a decision finding no basis to review the ALJ's decision. (Doc. No. 12, pp. 7-9). Plaintiff timely sought review of this decision by this Court. (Doc. No. 1). Meanwhile, Plaintiff filed another application for disability benefits under OASDI. This application was granted, and the SSA concluded that Plaintiff was disabled as of June 29, 2006. (Doc. No. 22).[4]

Plaintiff filed a Complaint in the instant case on August 29, 2005. (Doc. No. 1). Plaintiff's Complaint seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his claim for social security disability benefits. On January 9, 2007, the United States Magistrate Judge issued a Report and Recommendation that the Court affirm the decision of the Commissioner. (*See generally* Doc. No. 23). Plaintiff timely filed written objections to the Magistrate Judge's

---

[4]  The preceding paragraphs of the Background portion of the Court's opinion in this case are adopted largely from the Magistrate Judge's recitation of the instant case's procedural history, to which Plaintiff has stated no objection.

Report and Recommendation which the Court will now address.

## Standard of Review

The United States Magistrate Judge correctly explained the applicable standard of review for the instant case, to which Plaintiff has filed no objection. The parties were advised that issues not specifically raised would be waived. (Doc. No. 13 at 2).

The Court has jurisdiction over the case at bar pursuant to 42 U.S.C. Section 405(g). To be entitled to disability benefits under OASDI, a claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" under the terms of the Act is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). In a case seeking disability benefits under OASDI, the claimant also must show that he or she became disabled before his or her insured status expired in order to be entitled to disability benefits. 42 U.S.C. § 423(c)(1); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979).

Pursuant to 42 U.S.C. § 405(a), the SSA has promulgated a five-step inquiry that must be followed in determining whether a claimant is entitled to benefits. In sum, an ALJ must apply the following criteria, in sequence:

(1) Is the claimant presently unemployed?

(2) Is the claimant's impairment severe?

(3) Does the claimant's impairment meet or equal one of the specific impairments

set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?

(4) Is the claimant unable to perform his or her former occupation?

(5) Is the claimant unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a)(4).  An affirmative answer to any of the above questions leads to either the next question or on steps three and five to a finding of disability.  A negative answer leads to a finding of "not disabled."  *See, e.g., McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1987) (per curiam).

"The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing 20 C.F.R. § 404.1512(a)).  However, "the burden temporarily shifts at step five to the Commissioner[,] . . . [who] must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform."  *Id*. at 1278 n.2 (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).

A court's review of a final decision by the SSA is limited to determining whether the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005), and whether the ALJ applied the correct legal standards.  *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

The SSA's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g); Dyer, 395 F.3d at 1210.  "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Walden v. Schweiker*, 672 F.2d 835, 838-39 (11th Cir. 1982) (internal quotations omitted).

The court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Where the SSA's decision is supported by substantial evidence, the court will affirm, even if the court finds that the proof preponderates against the decision. *Dyer*, 395 F.3d at 1210. The court may not reweigh the evidence or substitute its own judgment. *Id*.

While there is a presumption in favor of the SSA's findings of fact, no such presumption attaches to the ALJ's legal conclusion about the proper standards to be applied in evaluating claims. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988). Therefore, the court will reverse if the SSA incorrectly applied the law or if the decision fails to provide the court with sufficient reasoning to determine that the SSA properly applied the law. *Keeton v. Dep't of Health & Human Serv's*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1146 (11th Cir. 1991)). When reviewing a final decision issued by the SSA, the court is authorized to "enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**Analysis**

Plaintiff raises two objections to the Report and Recommendation ("R & R")of the United States Magistrate Judge. First, Plaintiff argues that the R & R erred by affirming the decision even though the ALJ did not consider the side effects of Plaintiff's medications as required by the Code of Federal Regulations. Secondly, Plaintiff argues that good cause

exists to remand the instant case to the Commissioner. For the reasons that follow, the Court finds that the United States Magistrate Judge correctly applied the law to the facts of the case and that the Commissioner's decision should be affirmed.

First, Plaintiff's argument that the ALJ did not consider the side effects of Plaintiff's medications is not well taken. 20 C.F.R. Section 404.1529(c)(3)(iv) provides that the side effects of any medication a claimant is currently taking or has taken to alleviate pain or other symptoms is a relevant consideration in determining disability. Plaintiff argues that the ALJ failed to consider Plaintiff's testimony on the side effects of his medications in the instant case, and thus failed to make clear the weight accorded to each item of evidence and why he reached his decision. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). An ALJ has a basic obligation to develop a full and fair record. *See id*. The ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id*.; *see also Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978) (quoting *Rosa v. Weinberger*, 381 F.Supp. 377, 381 (E.D. N.Y.1974)).

Plaintiff's argument that the ALJ failed to consider side effects is based on the argument that because the words "side," "effects," and "medication" do not appear in the relevant section of the ALJ's opinion, the testimony by Plaintiff and written statements from Plaintiff's spouse regarding such side effects was not considered. An examination of the opinion belies this argument. The ALJ's opinion cites the applicable section of the Code of Federal Regulations and the applicable legal pain standard in the Eleventh Circuit in reaching the determination that the preponderance of the evidence supported a finding of no disability. (Doc. No. 12, p. 20). Furthermore, the well-reasoned opinion by the ALJ stated

valid reasons supported by substantial evidence as to why he determined that Plaintiff's testimony should be given "little probative weight." (*Id*. at p. 21). For instance, the ALJ noted that Plaintiff's testimony regarding his condition was undercut by Plaintiff's statement to his physician in January 2003 that he was no longer interested in further treatment and that he only wished to schedule a doctor's visit once a year. (*Id*. at p. 21). Testimony by a doctor and the vocational expert also supported the ALJ's conclusion that Plaintiff's testimony regarding his condition was "not totally credible." (*Id.* at p. 22).

Thus, the Court finds that the R & R did not err in finding that the ALJ considered the side effects of Plaintiff's medications. Furthermore, substantial evidence exists in the record to support the ALJ's finding that Plaintiff's testimony regarding his condition was not totally credible and was outweighed by the opinion of other witnesses.

Finally, Plaintiff argues that good cause exists to remand the instant case to the Commissioner. Specifically, Plaintiff contends that a "medication form" is missing from the record and thus this case should be remanded for further development of the record. Plaintiff represents to the Court that he was ordered to complete and return a medication form by the ALJ, but the record does not reflect the filing of such form.

The record reflects, as Plaintiff represents, that the ALJ gave no indication that counsel for Plaintiff did not comply with his order, but the medication form is not in the record. (*See* Doc. No. 12, pp. 26-37). Despite such facts, there is no valid basis ro remand the instant case to the Commissioner. The ALJ allowed ample time for the vocational expert and Plaintiff to testify under oath regarding Plaintiff's medications and side effects, and Plaintiff availed himself of such opportunity. (*See id*. at pp. 31-33, 35-36). Furthermore,

Plaintiff and Plaintiff's spouse also had an opportunity to disclose Plaintiff's medications and side effects when completing forms such as the Department of Health disclosures and the Third Party Information on Activities of Daily Living and Socialization form. (*See id*. at pp. 103-106; 112-123).

As explained above, the record reflects that the ALJ received this testimony and took it into consideration in rendering his decision, validly explaining the weight he chose to provide such testimony. Plaintiff's testimony regarding this issue makes the ALJ's potential failure to make this document part of the record irrelevant. *See, e.g., Zaldivar v. Apfel*, 81 F.Supp.2d 1353, 1360 (N.D. Ga. 2000) (no reason for ALJ to seek records of Plaintiff's heart condition as Plaintiff's testimony on issue excused ALJ from having to seek such records). As a further basis for rejecting this contention, the Court notes that Plaintiff's counsel was given an opportunity to object to the exhibit list during the ALJ's hearing and did not do so. (*See* Doc. No. 12, p. 26).

## Conclusion

For the foregoing reasons, the Court **OVERRULES** the Objections of Plaintiff (Doc. No. 24) and **ADOPTS** the Report and Recommendation [to affirm the decision of the Commissioner], filed by United States Magistrate Judge Karla R. Spaulding on January 9, 2007. (Doc. No. 23). The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is hereby directed to enter judgment consistent with this decision and thereafter shall close this case.

**DONE and ORDERED** in Chambers in Orlando, Florida this 7th day of March, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Clerk of Court